# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK JOYNER,<br><br>Plaintiff,<br><br>v.<br><br>KEN RITTMANN, JIM HEWETSON, FUNCTIONAL DEVICES, INC., and DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendants. | Case No. CV 10-08948-JEM<br><br>MEMORANDUM AND ORDER DISMISSING CASE WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b) |

This case was initiated as a state court complaint for misappropriation of trade secrets and unfair competition and was removed to this Court on diversity of citizenship grounds on November 19, 2010. Plaintiff is Jack Joyner. Defendants are Ken Rittmann, Jim Hewetson, and Functional Devices, Inc.

This case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff essentially has abandoned the case, refusing to communicate with his own counsel, opposing counsel or the Court, refusing to respond to discovery and to Defendants' Motion to Dismiss, and repeatedly disregarding Court orders.

**BACKGROUND**

Plaintiff's counsel was given permission to withdraw on May 3, 2011, citing an irremediable breakdown in the attorney-client relationship and no communication with Plaintiff for over six weeks. On May 9, 2011, the Court vacated a status conference scheduled May 10, 2011, at the request of Defendants because they had been unable to communicate with Plaintiff. Defendants were ordered to contact the clerk when they were able to reach Plaintiff, at which point the Court would set another status conference.

When Defendants were unable to reach Plaintiff, the Court set a status conference for June 30, 2011. All parties were ordered to appear.

On June 6, 2011, Defendants filed a Motion to Dismiss based on Plaintiff's failure to respond to discovery due May 23, 2011, and failure to respond to letters and emails regarding the status conference and the outstanding discovery. The status conference set for June 30, 2011, was moved to July 7, 2011, the date of the hearing on Defendants' Motion to Dismiss. Mr. Joyner has not responded to Defendants' discovery, did not file any opposition to the Motion to Dismiss, and did not appear at the July 7, 2011, hearing despite the order to appear.

On July 7, 2011, the Court continued the status conference to August 4, 2011. All parties were ordered to appear. Plaintiff was ordered to show cause why the action should not be dismissed. Plaintiff also was ordered to provide the Court with a current address in accordance with Local Rule 41-6.

In an abundance of caution to be certain that Plaintiff was served with the Court's orders, Defendants were instructed to undertake efforts to contact Plaintiff and to file a declaration setting forth those efforts. Defense counsel Kevin Wheeler filed a declaration on August 2, 2011, detailing his efforts to contact Plaintiff. Mr. Wheeler tried to contact Plaintiff by letter, email, and telephone voicemail but received no return communication from Plaintiff. Mr. Wheeler then dispatched a process server who was able to locate Plaintiff at a boat slip in Santa Barbara and served him with the Order to Show Cause. A proof of

service of same was filed with the Court. Defendants incurred $5,775.85 in fees and costs in attempting to locate Plaintiff and file their Motion to Dismiss.

At the August 4, 2011, hearing, Plaintiff did not appear despite the order to appear. The Court then delayed the hearing a half hour. Plaintiff has never appeared or communicated with the Court.

**DISCUSSION**

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). A dismissal under Rule 41(b) - other than for lack of jurisdiction, improper venue, or failure to join a party - operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

Because dismissal is a harsh penalty, the Court must weigh five factors when considering whether to dismiss an action for failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan, 291 F.3d at 642; Al-Torki v. Kaempen, 78 F.3d 1381, 1384-85 (9th Cir. 1996). Having weighed these factors, the Court finds that dismissal of this action with prejudice is warranted.

In the instant case, the first two factors favor dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The Court twice served Plaintiff with an Order to Show Cause why the case should not be dismissed for failure to prosecute. Plaintiff failed to provide discovery or respond to Plaintiff's Motion to Dismiss and disregarded Court orders to appear at scheduling conferences. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. Plaintiff's unwillingness to communicate with Defendants and the Court has interfered with the public's interest in the expeditious resolution of this litigation.

The third factor, risk of prejudice to the defendants, weighs in favor of dismissal. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. See Yourish, 191 F.3d at 991-92. Here, Plaintiff never offered any explanation for his refusal to respond to discovery or the Motion to Dismiss, and has refused to respond to Defendants and the Court, despite orders to appear. Defendants have presented evidence of significant costs incurred in seeking to contact Plaintiff and move this case forward. Moreover, in some cases, "'[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'" In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)); see also Morris v. Morgan Stanley & Co., 942 F.2d 648, 651-52 (9th Cir. 1991). Because Plaintiff has offered no reason for his failure to prosecute this case diligently and Defendants have been forced to incur significant expense, the "prejudice" element also favors dismissal.

The fourth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. In the instant case, however, there is no less drastic sanction available. The Court attempted to avoid dismissal by *sua sponte* continuing the status conference from July 7 to August 4 and ordering Defendants to provide proof that Plaintiff was served with the Order to Show Cause. Nevertheless, Plaintiff has not responded to the Court's orders and did not appear at two status conferences despite being ordered to do so. "[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (citations omitted). In these circumstances, there is no less drastic sanction available to the Court.

The fifth and final factor requires the Court to consider the public policy favoring disposition of cases on the merits. "Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." Morris, 942 F.2d at 652. Here, Plaintiff failed to meet his responsibility by failing to respond to discovery and the

Motion to Dismiss, disregarding Court orders to appear at the July 7 and August 4 status conferences, and refusing to communicate or respond to Defendants and the Court.

In light of Plaintiff's failure to comply with the Court's orders, the procedural history of this case, and the factors weighing in favor of dismissal, the Court concludes that dismissal of this action for failure to prosecute is warranted. See Link, 370 U.S. at 630-31 ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). The dismissal is with prejudice.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered dismissing this action with prejudice.

IT IS SO ORDERED.

DATED: August 5, 2011

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE